UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS,<br>　　　Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 4:CV-06-1400<br>: |
| | : (Judge McClure) |
| WARDEN JANINE DONATE, ET AL.,<br>　　　Defendants | :<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS,<br>　　　Plaintiff | :<br>: |
| | : CIVIL NO. 4:CV-06-1487<br>: |
| v. | : (Judge McClure)<br>: |
| JANINE DONATE, ET AL.,<br>　　　Defendants | :<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **MEMORANDUM AND ORDER**

August 7, 2006

**Background**

Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the

Lackawanna County Prison, Scranton, Pennsylvania, filed the initially captioned civil

rights complaint pursuant to 42 U.S.C. § 1983.  This Court thereafter granted Plaintiff's in forma pauperis application and directed the United States Marshal to effect service of the complaint.   On July 31, 2006,  Reynolds filed a second § 1983 action which was likewise accompanied by an in forma pauperis application.

For the  reasons outlined below, this Court will direct that the two complaints be consolidated pursuant to Federal Rule of Civil Procedure 42(a).   The consolidated matter will proceed under Reynolds, Civil Action No. 4:CV-06-1400, because it was the initially filed complaint.

**Discussion**

Named as Defendants in Reynolds' initial complaint are Warden Janine Donate, Correctional Officer Cornell and Lieutenant Carol of the Lackawanna County Prison.  Plaintiff alleges that the Warden's policy prohibiting inmates from going to the law library without shoes is unconstitutional.  He adds that the prison has refused to provide him with shoes despite the fact that his shoes were misplaced over four (4) months ago.  Reynolds concludes that the denial of access to the law library prevented him from requesting another preliminary hearing (presumably with respect to a Pennsylvania state criminal proceeding).   As relief, Plaintiff seeks a change in the Warden's law library policy and compensation.

The Defendants listed in Reynolds' subsequently filed complaint are Donate, Captain Katz and Correctional Officers Moskwa and "G." The Plaintiff again challenges Warden Donate's policy requiring that shoes be worn by prisoners going to the law library. His second complaint further maintains that Defendants Moskwa and "G." denied him access to the law library, and then tackled him and placed him in the prison's restrictive housing unit. Captain Katz is described as having presided over a disciplinary proceeding regarding Plaintiff's placement in restrictive housing. As relief, Plaintiff again seeks a change in Warden Donate's law library policy and compensation. Reynolds further requests that the Defendant correctional officers who assaulted him be disciplined and that a mistrial be declared in his state criminal prosecution.

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The allegations and facts set forth in each of Reynolds' above described civil

rights actions are similar.  Moreover, the claims set forth in the initially filed complaint are all encompassed within Plaintiff's subsequently submitted complaint.  Since the actions contain common factors of law and fact, this Court will order the consolidation of Plaintiff's second  complaint into his initially filed action, <u>Reynolds</u>, Civil Action No. 4:CV-06-1400,  pursuant to Rule 42(a).  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to consolidate <u>Reynolds v. Donate, et al.</u>, Civil No. 4:CV-06-1487 into <u>Reynolds v. Warden Donate, et al.</u>, Civil No. 4:CV-06-1400, pursuant to Federal Rule of Civil Procedure 42(a).

2. The Clerk of Court is directed to close the case of <u>Reynolds v. Donate, et al.</u>, Civil No. 3:CV- 06-1487.

    <u>  s/ James F. McClure, Jr.  </u>
    JAMES F. McCLURE, JR.
    United States District Judge